IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES J. DAVIS,

                     Plaintiff,                                ORDER

v.

                                                        14-cv-617-wmc

WILLIAM GEE,

                     Defendants.

---

Plaintiff James J. Davis is an inmate incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution. He has filed a two-page handwritten complaint against William Gee, who is a correctional officer at the Columbia Correctional Institution, alleging "deliberate indifference to a known risk that he would attempt suicide or engage in serious self-harm in violation of the Eighth Amendment to the United States Constitution." Davis provides no other facts in support of his claim.

Because Davis is incarcerated, his case is governed by the Prison Litigation Reform Act (the "PLRA"), which requires the court to screen all prisoner complaints to determine whether any of the proposed claims are (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In addressing any *pro se* litigant's pleadings, the court must construe the allegations generously, and hold the complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the court cannot screen the complaint at this time because Davis does not provide sufficient information.

So that the court can complete its review of his claims, Davis will be instructed to file an amended complaint using a form approved for use by prisoners bringing claims under the

Civil Rights Act, 42 U.S.C. § 1983. The clerk's office will provide Davis with such a form for his convenience. Davis is directed to complete the complaint form to the best of his ability by providing as many details about incident underlying his claim as possible. In particular, Davis is directed to explain what happened during the incident of self-harm or attempted suicide, what date the incident occurred, and what specific involvement the defendant had in the incident. In other words, Davis must explain how the defendant was deliberately indifferent to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). If possible, Davis should also include copies of the following: (1) the grievances filed in connection with the incident that forms the basis of his claims, along with any administrative response; and (2) any other administrative investigation that may have been done regarding the incident.

## ORDER

IT IS ORDERED that:

1. Plaintiff James J. Davis shall file an amended complaint using a form approved for use by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, using the attached form or other similar form available at the prison law library, within **thirty (30) days** from the date of this order.

2. Davis is advised to comply with this order to the best of his ability. Davis is further advised that his failure to comply as directed may result in dismissal without further notice under Fed. R. Civ. P. 41(b).

Entered this 23rd day of September, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge