IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES J. DAVIS,

                Plaintiff,                      OPINION AND ORDER

    v.

                                            14-cv-617-wmc

WILLIAM GEE,

                Defendant.

*Pro se* plaintiff James J. Davis is proceeding on a claim that William Gee, a correctional sergeant supervisor at the Columbia Correctional Institution, violated his rights under the Eighth Amendment by failing to protect him from attempting suicide. Plaintiff presently has three motions pending before the court that are ripe for disposition: (1) a motion to file an amended complaint (dkt. ##21, 22); (2) a motion for assistance in recruiting counsel (dkt. #17); and (3) a motion for summary judgment (dkt. #27). These matters are resolved as explained below.

OPINION

A.      **Plaintiff's Motion to File an Amended Complaint.**

Plaintiff seeks leave to amend his complaint to (1) include more allegations about injuries he suffered after he attempted suicide, and (2) clarify that he is suing Gee in both his individual *and* official capacities. This motion will be denied as unnecessary and pointless.

First, plaintiff need not plead additional allegations about the extent or nature his injuries to proceed with his claims. At this stage, plaintiff should instead focus on gathering the evidence necessary to support those claims.

Additionally, plaintiff was already granted leave to proceed against Gee in his

1

individual capacity, so there is no need to clarify in that regard. As for his proposed amendment to include a claim against Gee *in his official capacity*, plaintiff does not allege any facts in his original or proposed amended complaint that would support such a claim. To state an official capacity claim, plaintiff would need allegations suggesting that his constitutional rights were violated as a result of an official policy or widespread custom of the Department of Corrections. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Here, plaintiff alleges and only proposes to allege that Gee's individual actions violated his Eighth Amendment rights. Accordingly, plaintiff's motion to file an amended complaint is denied. meritless and futile. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (appropriate to deny leave to amend to add futile or meritless claims).

B.    **Plaintiff's Motion for Summary Judgment.**

Plaintiff also filed a motion for summary judgment (dkt. #27) with supporting brief (dkt. #28) and declarations from himself and two other inmates (dkt. ##29-31). This motion will be denied without prejudice, however, because plaintiff has not filed a statement of "proposed findings of fact," as required by this court's *Procedure To Be Followed On Motions For Summary Judgment* (the "Procedure"). In particular, the Procedure requires all parties moving for summary judgment to submit a separate document containing proposed findings of fact in support of the motion, as well as a citation to admissible evidence in the record to support each factual proposition. This Procedure was included with the September 21, 2015 pretrial conference order (dkt. #23), but another copy will be included for plaintiff's benefit along with this order.

2

The deadline for filing dispositive motions is not until April 15, 2016, so plaintiff has plenty of time renew his motion, along with the other supporting materials *and* a separate document containing proposed findings of fact in accordance with the Procedure. In his proposed findings, plaintiff should explain: (1) what happened to him, such as the specific statements he made to defendant; (2) how defendant responded; and (3) what happened after defendant left his cell. Plaintiff should cite admissible evidence in support of each proposed finding of fact, which should be separately numbered. Admissible evidence may include declarations like those already filed by plaintiff, so long as the declarants have personal knowledge of the events to which they are testifying. Other types of admissible evidence plaintiff may cite is listed in the court's *Procedures to be Followed On Motions For Summary Judgment* as well as Fed. R. Civ. P. 56. Before refiling, plaintiff should also consider whether defendant Gee is likely to deny *material* (that is, crucial) proposed facts in a manner requiring a trial.

C. **Plaintiff's Motion for Assistance in Recruiting Counsel.**

Finally, plaintiff asks the court to assist him in recruiting counsel to represent him in this case, contending that he needs assistance because the case is complex and he did not graduate from high school, reads at the level of a fifth-grader and does not understand the law.

Plaintiff should be aware that civil litigants have no constitutional or statutory right to appointment of counsel. *E.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). The court has the discretion to determine whether assistance

recruiting counsel for a *pro se* litigant is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). To show that recruiting counsel is necessary, this court generally requires a *pro se* litigant to first provide the names and addresses of at least three lawyers who declined to represent him in this case. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) (court may require plaintiff make reasonable efforts to find a lawyer on his own before recruiting counsel).

Here, plaintiff states that he has contacted three lawyers about his case and has not heard from any of them. This is not sufficient. Plaintiff must identify the names *and* addresses of the lawyers he has contacted, and the dates on which he wrote to them and provide a copy of any written response received in order to show that he has made reasonable efforts to find a lawyer on his own.

Even if plaintiff can show reasonable efforts to find a lawyer on his own, he must also meet the second requirement for obtaining assistance from the court in recruiting counsel: that the legal and factual difficulty of this case exceeds his ability to litigate it. *Pruitt*, 503 F.3d at 653. Plaintiff's Eighth Amendment claim is relatively straightforward and is based on a one-time event, during which he was present and about which he has personal knowledge. The nature of his claim supports an inference that this case will not require a substantial amount of investigation.

Additionally, the court set forth the applicable legal standard in the order granting plaintiff leave to proceed on his claim. At the preliminary pretrial conference, plaintiff was further provided with a lengthy set of written instructions regarding obtaining discovery and filing and responding to dispositive motions. Thus far, plaintiff has done a

more-than-able job of representing himself. His pleadings and other submissions are neatly prepared and well-organized. Notwithstanding his failure to file a statement of proposed findings of fact (a mistake even experienced lawyers have been known to make when first filing), he submitted a motion for summary judgment supported by admissible evidence and an understandable legal brief. Based on this record, it does not presently appear that the case exceeds plaintiff's capacity to litigate it as a layperson.

Finally, although the court will deny plaintiff's motion for counsel at this time, the decision is without prejudice to reconsideration should the issues involved in this case prove more complicated than they appear right now, or more investigation and discovery than currently seems necessary be required. In any event, plaintiff may renew his motion subject to him showing that this case actually exceeds his capacity as a layperson to litigate.

Plaintiff should be aware, however, that the court receives many more requests for counsel than the small pool of available volunteers can accommodate. Only those cases presenting exceptional circumstances can be considered for court-assistance in recruiting a volunteer. Consistent with the above, any future request for court assistance in locating a volunteer must also include details explaining why counsel is needed; that is, what *specific* tasks plaintiff is unable to perform and that counsel would be required to perform to continue litigating effectively on his behalf.

ORDER

IT IS ORDERED that:

(1) Plaintiff James J. Davis's motion for leave to file an amended complaint (dkt. ##21, 22) is DENIED.

(2) Plaintiff's motion for summary judgment (dkt. #27) is DENIED without prejudice to his refiling his motion in accordance with the procedures that are outlined in the pretrial conference order.

(3) Plaintiff's motion for assistance in recruiting counsel (dkt. #17) is DENIED without prejudice.

Entered this 25th day of November, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge