IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES J. DAVIS,

                Plaintiff,                        ORDER

    v.

                                                 14-cv-617-wmc

WILLIAM GEE,

                Defendant.

        Pro se plaintiff James J. Davis is proceeding on a claim that William Gee, a correctional sergeant supervisor at the Columbia Correctional Institution, violated his rights under the Eighth Amendment by failing to protect him from attempting suicide. Davis has filed two motions to compel, both of which relate to a request for production of documents he served on defendant's counsel on October 1, 2015. (Dkts. 32, 41.) In that discovery request, Davis sought (1) any and all documents, including but not limited to, all the reports, investigative files, memorandum, emails, incident reports, or other documents created by Columbia Correctional staff members or any other Department of Correction employee or official concerning the March 13, 2014 incident at issue in this case; and (2) any investigation or action concerning that incident relevant to defendant Gee. The State responded by objecting to the request as "overly broad and burdensome," but also by providing Davis a redacted copy of an incident report related to the March 13 incident with an instruction that Davis could inspect a non-redacted version upon request.

        In his first motion to compel, Davis complained that the State's response to the document request was untimely by two days and also incomplete. (*See* dkt. 32). It appears that the State's responses actually were on time, but Davis's concern that the response was

incomplete appears to have been well-founded at that time, because the State subsequently provided Davis with a supplemental response to his discovery request on December 2, 2015:

> Counsel for defendants OBJECTS to this request on the grounds that it asks for documents that are confidential for security reasons and releasing this information could breach the security of the institution. Objection notwithstanding, defendants were able to locate a staff disciplinary investigation report. Plaintiff may send a request to the institution litigation coordinator . . . to schedule a time to review a copy of the staff disciplinary investigation report.
>
> *See* dkt. 42-1.

Davis was able to review the investigative report at Waupun Correctional Institution on January 6, 2016. However, the State denied Davis's repeated requests to make copies of the investigative report on the grounds that the report is confidential. The State maintained that providing Davis with a copy of the report posed a security risk and violated the privacy of those involved.

Davis then filed a second motion to compel defendant to produce "defendant Gee's statement in the disciplinary investigation report to the plaintiff for copying the document." (Dkt. 41.) The State responded that, because Davis had now limited his request to Gee's statement in the disciplinary report only, Davis would be permitted to make a copy of Gee's statement from the report. (Dkt. 44.)

Davis did not file any reply contesting this outcome, so the court assumes that Davis has received the statement and is okay with where he has landed. Because it appears that no court action is required at this time, the court will deny Davis's two motions to compel as moot. If Davis believes that the State continues to withhold documents responsive to his discovery

2

requests, then he should file a new motion, identifying specifically what documents he believes are being withheld improperly.

ORDER

IT IS ORDERED that plaintiff James J. Davis's motions to compel (dkt. ##32, 41) are DENIED as moot.

Entered this 31st day of March, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge