IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES J. DAVIS,

                              Plaintiff,              OPINION AND ORDER

        v.
                                                      14-cv-617-wmc

WILLIAM GEE,

                              Defendant.

        *Pro se* plaintiff James J. Davis is proceeding on a claim that defendant William

Gee, a correctional sergeant supervisor at the Columbia Correctional Institution ("CCI"),

violated his rights under the Eighth Amendment by failing to prevent his attempted

suicide.  Now before the court are the parties' cross motions for summary judgment.

(Dkts. ##49, 53.)  The court is denying both motions, however, because there are

genuine disputes of material fact that must be resolved by a jury.  The court is also

denying a motion filed by plaintiff for assistance in recruiting counsel (dkt. #65), because

plaintiff has not shown that the complexities of this case exceed his ability to litigate it.


                              OPINION

I.      **Defendant's Motion for Summary Judgment**

        The Eighth Amendment imposes a duty on prison officials not only to provide

"humane conditions of confinement," but to ensure that "reasonable measures" are taken

to guarantee inmate safety and prevent harm.  *Farmer v. Brennan*, 511 U.S. 825, 834-35

(1994).  An inmate may prevail on a claim under the Eighth Amendment by showing

that the defendant acted with "deliberately indifference" to a "substantial risk of serious

1

harm" to his health or safety.  *Id*. at 836.  Attempted suicide is among the serious harms recognized under the Eighth Amendment.  *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).  "Deliberate indifference to a risk of suicide is present when an official is subjectively 'aware of the significant likelihood that an inmate may imminently seek to take his own life' yet 'fail[s] to take reasonable steps to prevent the inmate from performing the act.'"  *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775-76 (7th Cir. 2014) (alteration in original) (*quoting Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006)).  *See also Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies.").

In this case, plaintiff Davis was permitted to proceed on his Eight Amendment claim that on March 13, 2014, while an inmate at CCI, he showed defendant Gee a handful of pills; while telling him that he was feeling suicidal and needed to be placed on observation status.  Plaintiff further claims that after Gee looked at the pills, he responded "sarcastically" by asking Davis if he wanted "some Vaseline with that."  Davis allegedly then began to scream that he was about to overdose on the pills and commit suicide, but Gee ignored him and left without taking the pills away or attempting to help. Davis then took the pills, and he was ultimately taken to the emergency room at a local hospital for treatment.

For the purposes of summary judgment only, defendant concedes that plaintiff faced a substantial risk of serious harm at the time of the interaction between plaintiff

and defendant on March 13, 2014.  (Dft.'s Br., dkt. #54, at 10.)[1]  Nonetheless, defendant argues that summary judgment is appropriate because plaintiff cannot prove that Gee acted with deliberate indifference to a substantial risk of harm.  Specifically, defendant argues that plaintiff cannot show Gee was actually aware that plaintiff was in serious danger of hurting himself yet failed to take appropriate steps to protect him.[2]

The problem with defendant's current motion is that it is premised on genuine, material factual disputes between the parties regarding what happened on March 13, 2014.  For his part, defendant denies that Davis ever:  (1) specified any reason why he wanted to be placed on observation status; (2) told Gee that he was suicidal; (3) showed Gee a handful of pills; or (4) yelled that he was suicidal and about to overdose. According to defendant, Davis actually asked to be placed on observation without giving a reason why, and when Gee responded that a psychology services staff member would have to evaluate him first, plaintiff allegedly held up his fists and asked if he had to "use these."  In was then Gee claims he first noticed that plaintiff's knuckles were scratched, prompting him to ask if Davis wanted some salve for the scratches.  After Davis declined, Gee claims he left, telling Davis that he would notify the doctor of his wanting to see him.

---

[1] The reason for this is unclear, as discussed in part II, *supra*, the court will set a telephonic hearing for both parties to address what factual disputes, if any, remain with respect to the objective prong of plaintiff's Eighth Amendment claim before this case will proceed to trial.

[2] Defendant also makes a two-paragraph qualified immunity argument in his reply brief.  (Dft.'s Reply, dkt. #67, at 3.)  The court will not consider that argument, however, because it is was raised for the first time on reply and is undeveloped.  Moreover, the genuine disputes of material fact over defendant's actions in the face of an apparently credible threat of attempted suicide would preclude a finding of qualified immunity in any event.  *See* discussion in the next paragraph of the text above.

Defendant's version of events obviously differs materially from plaintiff's.  If a jury were to believe defendant's version of events, it may reasonably conclude that defendant should not be liable under the Eighth Amendment.  If a jury were to believe plaintiff's version of events, however, it may reasonably conclude that defendant deliberately ignored plaintiff's requests for help, thus acting with deliberate indifference to a substantial risk of serious harm to plaintiff.  Since these factual disputes cannot be resolved at summary judgment, but could be resolved only by a jury, the court must deny both parties' motions for summary judgment, at least on that basis.

## II.      Objective Prong of Plaintiff's Eighth Amendment Claim.

Neither party moved for summary judgment with respect to the objective prong of plaintiff's Eighth Amendment claim.  As discussed above, however, to succeed on his claim, plaintiff must submit evidence to prove both subjective *and* objective prongs of his Eighth Amendment claim.  The objective prong of plaintiff's claim requires him to prove that he faced a substantial risk of serious harm to his health or safety.  *Farmer*, 511 U.S. at 836.  In many suicide and attempted suicide cases, the objective prong of an Eighth Amendment claim is presumed, given that "it goes without saying that suicide is a serious harm." *Collins*, 462 F.3d at 760.

If a "suicide attempt" is not genuine, however, or is so inept that it fails to cause any physical injury, the plaintiff may be unable to prove that he faced a substantial risk of serious harm.  Without proof that the plaintiff faced a substantial risk of serious harm, an Eighth Amendment claim necessarily fails.  *Farmer*, 511 U.S. at 836.  Although the

4

current posture of this case prevents the court from deciding this issue without additional input from the parties, that may be the possible circumstances here.

While plaintiff maintains that he attempted to commit suicide by swallowing a handful of pills, defendant submitted hospital test results showing that Davis likely ingested only small amount of Tylenol on the date in question, so small that it was insufficient to pose a risk of serious harm.  (See DPFOF ¶¶34-40.)  The numerous tests taken at the hospital apparently also revealed no other potentially harmful substances in plaintiff's system.   Plaintiff did not dispute defendant's proposed findings of fact regarding the hospital test results, appearing to concede that the pills posed no serious risk of harm to him.  Plaintiff also failed to offer any other evidence showing that he suffered physical harm, or even psychological harm, as a result of his alleged suicide attempt.  Based on this record then, defendant may be entitled to summary judgment on plaintiff's claim because plaintiff has *no* evidence sufficient to established the objective prong of his claim.

Under Rule 56(f) of the Federal Rules of Civil Procedure, the court has the authority to grant summary judgment on "grounds not raised by a party" or to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute," so long as the court gives notice and a reasonable opportunity for the parties to respond.  The court believes summary judgment to defendant *may* be appropriate under Rule 56(f), in light of plaintiff's apparent lack of evidence in support of the objective prong.  On the other hand, because defendant did not move for summary

judgment on the objective prong of plaintiff's claim, plaintiff had no obligation, or for that matter opportunity, to submit evidence sufficient to prove the objective prong.

Even so, the court will not submit this case to a jury unless satisfied that plaintiff *can* show that he does, in fact, have a viable theory, supported by admissible evidence that, if believed, would be sufficient to prove the objective prong of his claim. Accordingly, the court will set this case for a telephonic hearing to discuss plaintiff's theory and evidence regarding the objective prong of his claim. In particular, plaintiff should be prepared to address at the hearing:

- What substantial risk of serious harm did he face?
- During what time frame did he face a substantial risk of serious harm?
- How many pills did he swallow?
- Did he believe the pills would cause him serious harm?
- If he believes swallowing pills presented a substantial risk of serious harm, how does he explain the hospital test results showing that he had no significant amount of any drug in his system?
- Did he suffer any physical injury as a result of his alleged suicide attempt?
- Did he suffer any psychological injury as a result of his allege suicide attempt?

Plaintiff should be able to respond to each of these questions based on his own personal knowledge of the incident. If he has documentary or other evidence showing that he suffered any physical or psychological injuries as a result of the incident, he should be prepared to identify and discuss that evidence as well. Similarly, the defendant should be prepared to explain what material facts, if any, are in dispute with respect to the objective prong of plaintiff's claim. After the hearing, the court will determine, among other things, whether this case should proceed to trial, whether defendant is

entitled to summary judgment, and whether a neutral medical professional should be appointed to evaluate the medical evidence.

## III.    Appointment of Counsel

The final issue pending before the court is whether to grant plaintiff's renewed motion for assistance in recruiting counsel.  Plaintiff states that he has no trial experience and that it will be very difficult for him to contact witnesses.  He is also concerned about his ability to respond to the hospital test results referenced by defendant in his summary judgment materials.

Plaintiff's motion will nevertheless be denied at this stage.  First, as the court previously explained to plaintiff, before reconsidering a request for counsel, plaintiff must submit the names and addresses of at least three lawyers he had contacted with requests for representation, the dates on which he wrote to them and any written response received.  (Dkt. #36.)  Plaintiff has not yet fulfilled this prerequisite.

Moreover, as discussed above, it is not clear yet whether this case will proceed to trial.  The court must first evaluate whether there are any genuine, factual disputes relevant to the objective prong of plaintiff's claim that must be resolved by a jury.  If the court determines that this case should proceed past the telephonic hearing, the court will reconsider plaintiff's request for recruited counsel.

ORDER

IT IS ORDERED that:

(1)   The cross-motions for summary judgment filed by plaintiff James J. Davis (dkt. #49) and defendant William Gee (dkt. #53) are DENIED.

(2)   Plaintiff's motion for assistance in recruiting counsel if DENIED WITHOUT PREJUDICE.

(3)   This case shall be set for a telephonic hearing on Wednesday, October 5, 2016, at 10:00 a.m. to discuss the issues set forth in Part II of the Opinion above.  The defendant's counsel shall initiate the call to the court.

Entered this 15th day of September, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge